IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

LACY GARRISON, Personal Representative )
of the Estate of CHAD ERIC McCOY, deceased, )
                                                                                                                                                                             )
    Plaintiff, )
                           )
vs. ) Case No. CIV-09-441-JHP
                           )
BOARD OF COUNTY COMMISSIONERS, )
PITTSBURG COUNTY, JEROME AMERANTO, )
individually and THE SHERIFF OF PITTSBURG )
COUNTY, in his official capacity, )
                           )
    Defendants. )

## OPINION AND ORDER

Before the Court are two separate Motions for Summary Judgment. One was filed individually by Jerome Ameranto ("Ameranto"), in his individual capacity (Dkt. #36), and one was filed jointly by the Board of County Commissioners of Pittsburg County ("Board") and The Sheriff of Pittsburg County ("Sheriff"), in his official capacity (Dkt. #37), which have been fully briefed and are at issue.[1] Based on the record, the parties' arguments and the governing law, the Court finds tthe Motions should be granted as set forth below.

## Background

---

[1] The parties have each filed multiple briefs [Dkt. Nos. 39, 40, 46, 47, 48, 49 and 50], all of which have been reviewed and considered.

Plaintiff, Lacy Garrison, Personal Representative of the estate of Chad Eric McCoy ("McCoy"), deceased, claims that Pittsburg County deputy sheriffs used excessive force when they shot and killed McCoy, and that they were under the supervision of then Sheriff Jerome Ameranto. Specifically, Plaintiff claims the deputy sheriffs used excessive force in violation of 42 U.S.C. § 1983, asserting claims against Defendant Ameranto pursuant to §1983 supervisor liability, and against Defendants Board and Sheriff, alleging their policies and/or customs caused the deputy sheriffs to use excessive force, violating McCoy's constitutional rights. Plaintiff did not include any of the deputy sheriffs involved in the shooting of McCoy in this lawsuit.

Defendants seek summary judgment pursuant to Fed. R. Civ. P. 56 on the following claims and issues: 1) excessive force, on the ground that the deputy sheriffs who shot McCoy did so in self-defense; 2) § 1983 supervisor liability, on the ground that the deputy sheriffs did not violate McCoy's constitutional rights, and Defendant Ameranto did not commit an act violating McCoy's constitutional rights; and 3) unconstitutional policies and/or custom, on the ground that the deputy sheriffs did not violate McCoy's constitutional rights, and that Defendants Board and Sheriff do not have any policies or customs that resulted in McCoy's constitutional rights being violated.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is

genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id.* at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id.* If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex*, 477 U.S. at 322-23. If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); Fed. R. Civ. P. 56(e)(2). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671. Although a district court has discretion to go beyond referenced portions of the supporting material, it is not required to do so. *Id.* at 672. The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

<u>**Discussion**</u>

**§ 1983 Excessive Force**

**A.     Officer Liability:**

Excessive force claims are evaluated under the Fourth Amendment standard of objective reasonableness. *Graham v. Connor*, 490 U.S. 386, 396-97, 109 S.Ct. 1865 (1989). "Because police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation, the reasonableness of the officer's belief as to the appropriate level of force should be judged from that on-scene perspective. *Saucier v. Katz*, 533 U.S. 194, 205, 121 S.Ct. 2151 (2001)(internal citations and quotations omitted).

An officer's use of deadly force in self-defense is not constitutionally unreasonable. *Tennessee v. Garner*, 471 U.S. 1, 11, 105 S.Ct. 1694 (1985)(deadly force may be used if officer has probable cause to believe that the suspect poses a threat of serious physical harm either to the officer or to others). *See O'Neal v. DeKalb County*, 850 F.2d 653, 655, 657-58 (11th Cir. 1988) (holding officers did not act unreasonable in shooting a suspect who charged toward one of them with a knife). Deadly force is justified under the Fourth Amendment if a reasonable officer in Defendants' position would have had probable cause to believe that there was a threat of serious physical harm to themselves or to others. *Jiron v. City of Lakewood*, 392 F.3d 410, 415 (10th Cir. 2004).

In the instant case, Defendants have presented undisputed facts that McCoy's brother called the Pittsburg County Sheriff's Office requesting deputy sheriffs be sent to the residence of his grandmother to check her welfare because McCoy would not allow her to leave the residence. Although the grandmother states she was not a hostage, Plaintiff fails to provide any evidence the deputy sheriff's were provided with this

information.  The uncontroverted record also establishes: 1) McCoy was armed with a .22 caliber rifle, and the deputy sheriff's at the residence made several attempts to talk McCoy into putting the rifle down; 2) when McCoy advised the deputy sheriffs he was coming out with the rifle, they tried to get him to stay where he was if he was going to bring the rifle with him to the living room; 3) McCoy told one of the deputies he was coming out on the count of three -- he was going to kill the deputy and he would be the first to die; 4) when McCoy came into the living room on the count of three, pointing the rifle in the direction of the deputy sheriffs, the deputy sheriffs shot and killed McCoy in self-defense; and 5) when the deputy sheriffs fired their weapons at McCoy, they did so in fear of their lives.

Viewing the undisputed facts in the light most favorable to Plaintiff, as required by Rule 56, the Court finds the Pittsburg County deputy sheriffs fired their weapons at McCoy in self-defense, therefore, their use of deadly force was justified under the Fourth Amendment.  Finding the Pittsburg County deputy sheriffs' use of deadly force against McCoy was not unconstitutional, Plaintiff's § 1983 claims in this case against Defendants Jerome Ameranto, individually,  Board of County Commissioners of Pittsburg County and The Sheriff of Pittsburg County, in his official capacity, are precluded and, therefore, dismissed with prejudice.  *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004).

WHEREFORE, the Motion for Summary Judgment of Jerome Ameranto, in his individual capacity (Dkt. #36) is granted. The Motion for Summary Judgment of the Board of County Commissioners of Pittsburg County and The Sheriff of Pittsburg County, in his official capacity (Dkt. #37) is granted.

IT IS SO ORDERED this 7th day of February, 2011.

*James H. Payne*
United States District Judge
Eastern District of Oklahoma